**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

---

| | |
|---|---|
| FRANK RODRIGUEZ,<br><br>      Plaintiff,<br><br>  v.<br><br>CINDY PETIT et al.,<br><br>      Defendants. | Case No. 2:06-CV-14 DB<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING DEFENDANTS PETIT AND RHODES; DIRECTING SERVICE ON REMAINING DEFENDANTS** |

Plaintiff, Frank Rodriguez, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (2007).  Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 *id.* 1915.  This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

### ANALYSIS

#### I. Screening Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted.  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Perkins v. Kan.*

*Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Screening Analysis

### A. Plaintiff's Allegations

Plaintiff's Complaint alleges that Defendants denied Plaintiff adequate medical care for a knee injury in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Plaintiff states that he was transferred from the California State Prison to the Utah State Prison in September, 1999. Prior to his transfer, California officials had allegedly determined that Plaintiff required surgery on his right knee but

Plaintiff was transferred before the surgery took place. Plaintiff states that after arriving in Utah he provided prison medical staff with his medical records showing that he needed surgery, physical therapy and a knee brace.  According to the Complaint, Defendant Petit repeatedly documented Plaintiff's knee problems, confirmed Plaintiff's clearances for a knee brace and bottom bunk, and recommended Plaintiff for physical therapy. Defendants Garden and Coombs, however, allegedly overruled Petit's recommendations and denied Plaintiff treatment. Plaintiff states that he was scheduled for a surgical consult regarding his knee on January 8, 2004, but was not transported because the necessary paperwork was lost.  Finally, Plaintiff states that on April 14, 2003, Defendant Rhodes took Plaintiff's knee brace in order to make some adjustment to it, however, the original brace was never returned and Plaintiff was instead given a replacement brace that was too big.  After complaining about the substitute brace Plaintiff was told by Defendants Garden and Coombs that nothing was wrong with his right knee and that he did not need a brace.

   Plaintiff states that he suffered severe pain as a result of the allegedly inadequate medical treatment.  Plaintiff's Complaint seeks compensatory and punitive damages totaling $20,000.  No injunctive relief is sought.

**B. Legal Standard for Failure to Provide Medical Care Claims**

In *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104 (quoting *Greg v. Georgia*, 428 U.S. 153, 96 S. Ct. 2909 (1976)). "Deliberate indifference involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component is met if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

The subjective component is met only if a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Allegations of mere negligence in diagnosing or treating a medical condition, *Estelle*, 429 U.S. at 105, or "inadvertent failure to provide adequate medical care," *Riddle v. Mondragon*, 83 F.3d 1197, 1203 (10th Cir. 1996), are insufficient to state a claim under the

4

Eighth Amendment.

### C. Sufficiency of Plaintiff's Complaint

The Court finds Plaintiff's allegations regarding denial of surgery sufficient to meet the objective prong of the Eighth Amendment standard.  Although Plaintiff does not clearly describe the nature of his knee injury or its severity, he does allege that he was diagnosed by doctors in California as requiring knee surgery.  Plaintiff's allegations that he was denied a certain type of knee brace and physical therapy, though somewhat less compelling, also appear objectively sufficient to state a claim given Plaintiff's allegations that his injury was sufficiently serious to require surgery.

Plaintiff's allegations are also sufficient to make out a prima facie claim of deliberate indifference by Defendants Garden and Coombs.  Plaintiff alleges that Garden and Coombs were subjectively aware, based on their review of Plaintiff's medical records and Petit's recommendations, that Plaintiff required surgery, physical therapy and a knee brace.  Plaintiff further alleges that despite this knowledge Garden and Coombs took affirmative steps to prevent Plaintiff from receiving treatment. Thus, the Court finds that Plaintiff's allegations are sufficient to state a claim for relief against Garden and Coombs.

Plaintiff's Complaint, however, does not allege facts

showing deliberate indifference on the part Petit or Rhodes. Instead, the Complaint shows that Petit took reasonable actions to obtain treatment for Plaintiff but her recommendations were overruled by Garden and Coombs.  Similarly, the only allegation regarding Rhodes is that he took Plaintiff's knee brace in order to adjust it.  There is no indication that Rhodes was directly responsible for the brace not being returned to Plaintiff. Instead, it appears from the Complaint that the decision to stop providing Plaintiff a knee brace was made by Garden and Coombs. Thus, the Court finds that Plaintiff's allegations regarding Petit and Rhodes are insufficient to state a claim for relief and these individuals must be dismissed as defendants in this case.

Based on its conclusion that Plaintiff's allegations are sufficient to state a claim for relief against Garden and Coombs the Court will direct the United States Marshals Service to effect service of Plaintiff's Complaint upon these individuals.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Cindy Petit and John Rhodes are **dismissed** as defendants in this case; and,

(2) the United States Marshals Service shall serve a summons and copy of Plaintiff's Complaint upon Richard Garden and Joseph Coombs.

DATED this 23rd day of March, 2008.

BY THE COURT:

_____
DEE BENSON
United States District Judge