**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| FRANK RODRIGUEZ, | Case No. 2:06-CV-14 DB |
| Plaintiff, | District Judge Dee Benson |
| | Magistrate Judge Brooke Wells |
| v. | |
| LOWELL CLARK et al., | **ORDER FOR DISPOSITIVE MOTION AND *MARTINEZ* REPORT** |
| Defendants. | |

Plaintiff, Frank Rodriguez, an inmate at the Utah State Prison filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (2008).  Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 U.S.C.A. § 1915 (2008).  On March 27, 2008, the Court entered a screening order dismissing two of the individual defendants named in the Complaint and directing official service of process upon Defendants Garden and Coombs.  Defendants were served by the United States Marshals on April 3, 2008.  An Answer was filed on May 5, 2008, asserting numerous affirmative defenses including Plaintiff's failure to exhaust available administrative remedies.  On July 23, 2008, the Court directed Defendants to file a *Martinez* report addressing the exhaustion issue.  Defendants responded on August 7, 2008, effectively waiving their exhaustion defense.

In order to move this case forward the Court directs as follows:

(A) If Defendants wish to pursue any remaining affirmative defense challenging the complaint on its face, Defendants shall,

(i) file a motion to dismiss under Federal Rule of Civil Procedure 12(b) with a supporting memorandum, and

(ii) submit a proposed order for dismissing the case in word processing format to: utdecf_prisonerlitigationunit@utd.uscourts.gov

(B) If Defendants wish to pierce the allegations of the complaint, Defendant must,

(i) prepare and file a *Martinez* report addressing the substance of the complaint;[1]

---

[1] See *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

        (ii) file a separate summary judgment motion, with a supporting memorandum; and

        (iii) submit a proposed order for dismissing the case based upon the summary judgment motion in word processing format to: utdecf_prisonerlitigationunit@utd.uscourts.gov

Plaintiff is notified that if Defendants move for summary judgment Plaintiff cannot rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must come forward with specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) within forty-five days Defendants shall file a motion to dismiss, or motion for summary judgment and *Martinez* report, as directed in this order; and,

(2) if served with a motion to dismiss, or *Martinez* report and summary judgment motion, Plaintiff may file a response within thirty days of being served.

DATED this 25th day of August, 2008.

BY THE COURT:

_____
Brooke C. Wells
United States Magistrate Judge